UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO ALEXANDER ORELLANA QUINTANILLA<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. 1:26-cv-06627-DJC-CKD<br><br>RELEASE ORDER<br><br>A# 095-477-227 |

Petitioner Mauricio Alexander Orellana Quintanilla is a noncitizen detainee proceeding under a Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) This Court grants the Petitioner's Third Claim for Relief and orders Petitioner's release from custody.

**BACKGROUND**

Petitioner is a native and citizen of El Salvador currently detained by Immigration and Customs Enforcement (ICE). (Pet (ECF No. 1) ¶ 36.) Petitioner has a U.S. citizen wife and three U.S. citizen children. (*Id.* ¶ 41). Petitioner is subject to a final removal order from 2014. (*Id.* ¶ 37.) In 2018, ICE reinstated Petitioner's removal order and took Petitioner into immigration custody. (*Id.* ¶ 38). While in custody, Petitioner claimed fear of return to El Salvador and was granted withholding of

removal to El Salvador on January 3, 2019. (*Id.* ¶¶ 38– 39.) A week after this grant, ICE released Petitioner on an Order of Supervision. (*Id.* ¶ 40).

On July 31, 2025, ICE officers arrested Petitioner at his workplace and re-detained him. (*Id.* ¶ 42.) Respondents served him with a Notice of Intent/Decision to Reinstate Prior Order, a Notice of Revocation of Release, and three Notices of Removal designating Mexico, Guatemala, and Honduras as removal countries, which Petitioner refused to sign. (Pet., Ex. 5 at 2).

Petitioner filed a petition for a writ of habeas corpus in the District of Maryland. (Pet. ¶ 46.). On September 24, 2025, ICE transported Petitioner to Mexico, where his removal was prevented by Mexican authorities. (*Id.* ¶ 48.) Despite this failed removal, two days later, ICE again attempted removal to Mexico; even though Petitioner was not on "the list of individuals Mexico had agreed to receive," ICE managed to persuade the Mexican officials to "hand[write] Petitioner's name onto the list." (*Id.* ¶ 47– 48.) The District of Maryland then ordered Respondents to "facilitate the Plaintiff's return to the United States, so that he may be afforded" a reasonable fear interview (RFI) and enjoined Respondents "from removing the Plaintiff from the United States while he awaits an RFI." *Quintanilla v. Mullin*, No. 25-CV-02513-LKG, 2026 WL 1481116, at *10 (D. Md. May 27, 2026). Sixty-five days after the District of Maryland's order, Respondents returned Petitioner to the United States and re-detained him. (Pet. ¶ 52-53.) On July 29, 2026, Respondents attempted and failed to remove Petitioner to Ecuador. (Pet. ¶ 54.)

On August 20, this Court issued a minute ordering stating that "the present case resembles the Court's prior orders concerning Respondents' compliance with 8 C.F.R. § 241.13(i)(2) in re-detaining individuals subject to a final order of removal who were previously released from custody" and ordered Respondents to show cause as to why the present Petition should not be granted on the same basis this Court's past decisions on revocation of release. (Order (ECF No. 4).) Respondents have filed their

response, and the briefing on this matter is complete. (Pet.; Opp'n (ECF No. 5); Reply (ECF No. 6).)

## DISCUSSION

The parties do not contest that Petitioner is detained under 8 U.S.C. § 1231. Respondents claim that "all federal appellate courts who have considered the issue have concluded that relief under *Zadvydas* is unavailable where delay in removal is caused by ongoing litigation." (Opp'n at 4.) However, "the Court does not resolve this this matter on . . . *Zadvydas* grounds because DHS regulation 8 C.F.R. § 241.13 is applicable here and Federal Respondents failed to comply with their own regulation in revoking Petitioner's order of supervision and re-detaining him." *Garcia-Rivera v. Noem*, No. 1:26-cv-00229-MSN-WBP, 2026 WL 1244545, at *2 (E.D. Va. Mar. 2, 2026) (finding section 241.13 was violated where the Government failed to meet their burden of proof to establish changed circumstances for a petitioner with a reinstated removal order).

Where a noncitizen subject to a final order of removal has been released based on the non-foreseeability of removal, revocation of that release is governed by 8 C.F.R. § 241.13(i). *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). Section 241.13(i)(2) provides that such revocation is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred. *See Hoac*, 2025 WL 1993771, at *3. Instead, "when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed." *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025). Where ICE has made a

determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

In the Notice of Revocation of Release given to Petitioner, Respondents justify release as follows:

> This decision has been made based on a review of your official alien file and a determination that there are changed circumstances in your case. ICE has determined that you can be removed from the United States pursuant to the outstanding order of removal against you. On December 26, 2017, you were ordered removed to El Salvador by a Designated Official. You are subject to a final order of removal.

(Pet., Ex. 5). This notice is clearly insufficient to show changed circumstances. "The notice is vague and conclusory because it does not provide any information regarding the changed circumstances and how the changed circumstances made petitioner's removal significantly likely in the reasonably foreseeable future. The notice also fails to reference and/or address any of the relevant factors under 8 C.F.R. § 241.13(f)." *Pham*, 833 F. Supp. 3d at 1107. Respondents rely on no new circumstances. Instead, they re-allege circumstances present when Petitioner was last released in 2019 – namely his order of removal to El Salvador – despite the fact that Petitioner cannot be removed to El Salvador as he has been granted withholding of removal.

Respondents' briefing in this case does little to cure the deficiencies in the original Notice of Revocation of Release. As discussed, this Court previously noted that the present case appears to be governed by 8 C.F.R. § 241.13(i)(2) and ordered Respondents to show cause as to why the present Petition should not be granted on the same basis as this Court's past decisions granting release where Respondents revoked release without a sufficient showing of changed circumstances. (Order (ECF No. 4).) Despite this order, Respondents did not address section 241.13 and continued to rely on the *Zadvydas* framework. In the context of *Zadvydas*, Respondents argue that removal is foreseeable because "Petitioner's prior removal to Mexico shows that the government is certainly able to remove him to that third country." (Opp'n at 6.) Respondents explain that "if Petitioner ultimately receives an adverse decision on his fear claim to Mexico, and the District of Maryland litigation is resolved, the government can, again, swiftly remove Petitioner from the United States to Mexico. On the other hand, if Petitioner is granted withholding of removal to Mexico, the government may still remove Petitioner to another third country." (*Id.*)

Even if Respondents proffered these arguments as support for changed circumstances under the governing framework, 8 C.F.R. § 241.13(i)(2), these claims are not sufficient to changed circumstances under for two reasons. First, Respondents' arguments are predicated on facts that <u>post-date</u> the revocation of release. "Section § 241.13(i)(2) requires a pre-arrest, individualized determination on account of changed circumstances that removal is reasonably foreseeable." *Pham v. Warden*, 833 F. Supp. 3d 1092, 1107 (E.D. Cal. 2026) (quotation omitted). "Changed circumstances that make [a noncitizen's] removal likely in the foreseeable future must have existed at or before the OSUP revocation; post-hoc justification are inadequate." *Id.* at 1108 (quoting *Munagi v. McDonald*, 813 F.Supp.3d 225, 229 (D. Mass. 2025)). Therefore, to the extent Respondents would argue their removal of Petitioner in September 2025 shows changed circumstances justifying their July 2025 re-detention of Petitioner, that is a post-hoc justification and insufficient.

Second, Respondents cannot rely on a bare statement that they would remove Petitioner to "another third country" to show changed circumstances. There is no evidence that the countries identified by the Notices of Removal, Guatemala and Honduras, would accept Petitioner, and Respondents have already attempted to remove Petitioner to Ecuador and failed. (Pet. ¶¶ 3, 65). The bare identification of a potential country of removal without further proof about the feasibility of removal – such as an applicable repatriation agreement, the receiving country's acceptance of Petitioners, and the issuance of travel documents – is not sufficient to show changed circumstances under section 241.13. *See Llopiz Estrada v. Warden*, No. 1:26-cv-04120-DJC-SCR, 2026 WL 2192272, at *2 (E.D. Cal. July 29, 2026) (rejecting the Government's identification of Mexico as a removal country where there was no evidence that Government could feasibly remove Petitioner to Mexico without his consent*); see also Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1164 (E.D. Cal. 2025) (holding that a Notice of Revocation that stated only that the Government of China was considering issuing a travel document was not sufficient to show changed circumstances.) To hold would allow the Government to revoke release at any time simply by naming a receiving country.[1]

Accordingly, Respondents did not meet their burden to show changed circumstances leading to a significant likelihood that Petitioner may be removed under 8 C.F.R. § 241.13(f). And since "the government fail[ed] to include the reasons for revocation of release in the notice of revocation, it also deprive[d] the noncitizen of the opportunity to respond to those reasons as required under 8 C.F.R. § 241.13(i)(3)." *Pham,* 833 F. Supp. 3d 1092, 1111. The record also shows that Petitioner was not afforded an informational interview providing him with the opportunity to respond as

[1] The reinstatement of the removal order does not change the analysis. A reinstated removal order by its nature restores the status quo and cannot also serve as a "change in circumstance." Vernardes v. Bondi, No. 22-901, 2025 WL 1037533, at *1 (9th Cir. Apr. 8, 2025) (explaining that "[a] reinstated order of removal reinstates the original order of removal 'from its original date and is not subject to being reopened or reviewed'") (citing 8 U.S.C. § 1231(a)(5)). It has no bearing on the 8 C.F.R. § 241.13(f) factors, which concern the feasibility of removal.

required by 8 C.F.R. § 241.13(i)(3). Consequently, Petitioner has established that his present detention violates 8 C.F.R. § 241.13.[2] Respondents have failed to meet their burden to show changed circumstances, deprived him of the opportunity to respond to the revocation, and denied him an informal interview.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to the Third Claim for Relief.[3]
2. Respondents are ordered to immediately Petitioner Mauricio Alexander Orellana Quintanilla from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. The Clerk is directed to serve California City Correctional Center with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **September 9, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[2] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future. But it is Respondents' burden to establish a change in circumstances.

[3] In the interests of judicial economy, the Court declines to address the remaining grounds for relief Petitioner has raised.